■    In the Matter of the Arbitration between NORTH BABYLON BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT, No. 3, TOWN OF BABYLON, Respondent, and NORTH BABYLON TEACHERS' ORGANIZATION, Appellant.— In a proceeding pursuant to CPLR 7503 to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County, entered November 16, 1973, which granted the application and denied appellant's cross motion to dismiss the petition. Order reversed, on the law, with $20 costs and disbursements, and application denied and cross motion granted. Article II of the parties' 1972–1974 collective bargaining agreement contains an undertaking by the petitioner Board of Education that, among other things, curricula changes by the board will be preceded by an advisory recommendation of the Central Advisory Committee, which is constituted of equal numbers of administrators and teachers. In the spring of 1973 the board abolished certain staff positions without first submitting its proposed action to the Central Advisory Committee for an advisory recommendation. Appellant alleges that important curricula changes were also instituted by the board at the same time. The board denies that the curriculum was changed and claims that the abolition of positions is not subject to advisory recommendation. Appellant does not dispute the board's right to abolish positions, but asserts the advisory recommendation is a condition precedent to board action on the question of the curriculum change. That issue is subject to binding arbitration in accordance with article XXV of the collective bargaining agreement (cf. Matter of Associated Teachers of Huntington v. Board of Educ., Union Free School Dist. No. 3, Town of Huntington, 33 N Y 2d 229). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■    HERMAN A. KAMP, Appellant, v. J. A. KNITTING MILLS, INC., Respondent.— Order of the Supreme Court, Queens County, dated April 11, 1973, affirmed. No opinion. Appeal from order of the same court dated July 20, 1973 dismissed. No appeal may be taken from an order denying reargument of a motion (Kornstein v. New York Tel. Co., 26 A D 2d 820; Creason v. Jaeger, 16 A D 2d 838). Respondent is awarded one bill of $20 costs and disbursements to cover both appeals. The examinations shall proceed at the place indicated in the order dated April 11, 1973 upon a written notice of not less than 10 days. Hopkins, Acting P. J., Martuscello, Shapiro, Christ, and Brennan, JJ., concur.